**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
HERNAN CACERES, as Administrator of the Estate of JOSE
DANIEL DE JESUS CHAVEZ RAMOS,                                    Case No. 7:21-cv-08582

                                         Plaintiff,              **JURY TRIAL DEMANDED**

              -against-

THE UNITED STATES OF AMERICA,

                                         Defendant.
------------------------------------------------------------------------X

<u>**COMPLAINT**</u>

             Plaintiff, HERNAN CACERES, as Administrator of the Estate of JOSE DANIEL

DE JESUS CHAVEZ RAMOS ("Plaintiff"), by and through his undersigned attorneys, as and for

his complaint against THE UNITED STATES OF AMERICA, avers on knowledge as to himself

and his own acts and on information and belief as to all other matters, as follows:

**JURISDITION AND VENUE**

             1.      This is an action arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §

2679(d)(1) and 42 U.S.C. § 233(c), as where a plaintiff seeks to assert a claim of personal injury

and/or death as a result of claimed negligence against a federally-qualified health center and/or

deemed government employee, said plaintiff's exclusive remedy is to file an administrative claim

with the appropriate federal agency, and then, if and when the aforesaid claim is denied by said

federal agency, to bring an action against the United States of America in the appropriate federal

District Court.

             2.      Plaintiff's Decedent commenced a lawsuit in the Supreme Court of the State of

New York, County of Orange, on February 2, 2018, against MIKHAIL ITINGEN, D.O., SUSAN

Y. CHAE, DPM, ORTHOPEDICS & SPORTS MEDICINE, P.C., HUDSON VALLEY

AMBULATORY SURGERY, LLC, and EZRAS CHOILIM HEALTH CENTER, INC., via the filing of a summons and complaint stating claims for personal injuries as a result of claimed medical malpractice and failure to obtain informed consent.  Index number EF001402-2018 was assigned.

3.      On April 15, 2018, Plaintiff's Decedent died.

4.      On or about December 4, 2018, THE UNITED STATES OF AMERICA removed the aforesaid action to the United States District Court for the Southern District of New York, under case number 1:18-cv-11304-DLC.  By Certification dated November 15, 2018, United States Attorney Geoffrey S. Berman certified that defendants SUSAN Y. CHAE, DPM, and EZRAS CHOILIM HEALTH CENTER, INC., were deemed to be employees of the United States pursuant to the Public Health Service Act, as amended by the Federally Supported Health Centers Assistance Act of 1995, during the period of January 1, 2016, through to November 15, 2018, and were acting within the scope of their employment for purposes of the claims asserted against them in connection with medical care given to the Plaintiff's Decedent.

5.      On March 27, 2019, and July 8, 2019, the undersigned attorney, who had been representing the (then-deceased) plaintiff in the aforesaid action, informed the Honorable Denise Cote that the plaintiff was deceased, and that no administrator had yet been appointed for the estate.

6.      On August 7, 2019, Judge Cote issued an order setting a final deadline for the United States Attorney to respond to the Complaint, of September 6, 2019.

7.      On September 5, 2019, the United States Attorney's Office moved to substitute THE UNITED STATES OF AMERICA in place of defendants SUSAN Y. CHAE, DPM, and EZRAS CHOILIM HEALTH CENTER, INC., and thereafter, to dismiss the action as to THE

UNITED STATES OF AMERICA, so substituted, based on the plaintiff's failure to file an administrative tort claim before commencing the action.

8.      On September 11, 2019, in response to the motion of the United States Attorney, Judge Cote issued an order substituting the United States of America in the place and stead of defendants SUSAN Y. CHAE, DPM, and EZRAS CHOILIM HEALTH CENTER, INC., and dismissing the Complaint as to the United States of America, so substituted, without prejudice to the plaintiff's right to file an administrative claim with the appropriate federal agency within sixty days of the dismissal, pursuant to 28 U.S.C. § 2679.

9.      On October 29, 2019, well within 60 days following the foregoing Order of dismissal, the Plaintiff's Decedent's estate submitted a Federal Administrative Tort Claim to the United States Department of Health & Human Services with regard to this matter, against SUSAN Y. CHAE, DPM, and EZRAS CHOILIM HEALTH CENTER, INC.

10.     On November 5, 2019, in response to a telephone call of the United States Department of Health & Human Services, the Plaintiff's Decedent's estate submitted, to the United States Department of Health & Human Services, a letter supplementing the Federal Administrative Tort Claim which had been submitted to the United States Department of Health & Human Services on October 29, 2019, with regard to this matter.

11.     On November 7, 2019, in response to another telephone call of the United States Department of Health & Human Services, the Plaintiff's Decedent's estate submitted, to the United States Department of Health & Human Services, another letter supplementing the Federal Administrative Tort Claim which had been submitted to the United States Department of Health & Human Services on October 29, 2019, with regard to this matter.

12.     On November 12, 2019, in <u>immediate</u> response to the request of the United States Department of Health & Human Services, the Plaintiff's Decedent's estate submitted another Federal Administrative Tort Claim to the United States Department of Health & Human Services with regard to this matter, against SUSAN Y. CHAE, DPM, and EZRAS CHOILIM HEALTH CENTER, INC.

13.     On December 11, 2019, the United States Department of Department of Health & Human Services sent Plaintiff's counsel a letter acknowledging Plaintiff's Administrative Tort Claim, and requesting additional documents and information.

14.     On December 20, 2019, Plaintiff complied with United States Department of Health & Human Services' request, dated December 11, 2019, for additional documents and information.

15.     On January 8, 2021, the Surrogate's Court of the State of New York, Orange County, issued Limited Letters of Administration to Plaintiff-Administrator HERNAN CACERES with respect to the Plaintiff's Decedent's estate.

16.     On April 27, 2021, the United States Department of Health & Human Services issued a final determination on the Claim, denying it, on the merits.

17.     Consequently, Plaintiff is now authorized to file the instant action against THE UNITED STATES OF AMERICA in the United States District Court for the Southern District of New York, and it is being timely filed within six months of the final denial of the Claim.

18.     Venue is appropriately placed in the Southern District of New York because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of New York.

**AS AND FOR A FIRST CAUSE OF ACTION – MEDICAL MALPRACTICE**

19.     Plaintiff repeats, reiterates, and realleges each and every paragraph of the complaint numbered "1" through "18" with the same force and effect as if fully set forth at length herein.

20.     At all times stated herein, the Plaintiff-Administrator maintained, and does maintain, a place of business located at 60 South Main Street, Suite 10, New City, New York 10956, in the County of Rockland, State of New York.

21.     At all times stated herein, the Plaintiff's Decedent resided at 16 Old Country Road, Monroe, New York 10950.

22.     At all times stated herein, SUSAN Y. CHAE, DPM, was a podiatrist duly licensed to practice podiatry in the State of New York.

23.     At all times stated herein, SUSAN Y. CHAE, DPM, was a podiatrist holding herself out to the general public as being competent in the care and treatment of patients and able to treat patients in general, and Plaintiff's Decedent herein in particular, in accordance with accepted standards of medical and/or podiatric care.

24.     At all times stated herein, SUSAN Y. CHAE, DPM, was a deemed federal employee with regard to the treatment and care she rendered to the Plaintiff's Decedent.

25.     At all times stated herein, EZRAS CHOILIM HEALTH CENTER, INC., was and is a medical institution with facilities located at 49 Forest Road, Monroe, New York 10950.

26.     At all times stated herein, EZRAS CHOILIM HEALTH CENTER, INC., held itself out as a facility qualified, equipped, and staffed to treat persons with ailments and, more particularly, with the type of ailment such as that suffered by the Plaintiff's Decedent.

27.     At all times stated herein, EZRAS CHOILIM HEALTH CENTER, INC., was a federally-qualified health center.

28.     On or about February 24, 2016, through March 11, 2016, and for other times prior and subsequent thereto, SUSAN Y. CHAE, DPM, EZRAS CHOILIM HEALTH CENTER, INC., and THE UNITED STATES OF AMERICA, and/or their agents, servants, and/or employees, undertook and agreed to undertake treatment of the Plaintiff's Decedent, JOSE DANIEL DE JESUS CHAVEZ RAMOS.

29.     SUSAN Y. CHAE, DPM, EZRAS CHOILIM HEALTH CENTER, INC., and THE UNITED STATES OF AMERICA (collectively, "Defendants"), and/or their physicians, nurses, assigns, physicians aides and/or assistants, agents, servants, and/or employees, were negligent and departed from accepted standards of medical and/or podiatric care in their treatment and care of the Plaintiff's Decedent, JOSE DANIEL DE JESUS CHAVEZ RAMOS, in failing to diagnose the Plaintiff's Decedent with recurrent melanoma; in failing to take a proper history; in failing to perform an appropriate physical exam; in failing to make a referral to the proper specialist(s) to rule out recurrent melanoma; in failing to refer the Plaintiff's Decedent to a dermatologist for evaluation of a lesion of the left foot; in improperly referring the Plaintiff's Decedent to an orthopedist for evaluation of a lesion of the left foot; in failing to perform, order, or refer the Plaintiff's Decedent for an immediate biopsy of the left foot lesion; in negligently failing and neglecting to use reasonable care in their services, treatment and care rendered for and on behalf of the injured Plaintiff's Decedent's condition; in negligently departing from accepted practices in the services rendered for and on behalf of the Plaintiff's Decedent; and in being otherwise negligent in the care and treatment of the Plaintiff's Decedent.  Defendants failed to properly and timely respond and react to Plaintiff's Decedent's complaints.  Defendants failed to have properly trained and capable staff to treat Plaintiff's Decedent.  The Defendants, and/or their agents, servants, and/or employees were otherwise careless, reckless, and negligent, and otherwise departed from

accepted standards of medical and/or podiatric care under the circumstances then and there existing.  In addition to the foregoing, the Plaintiff reserves the right to rely on the theory of *res ipsa loquitur*.

30.     Specifically, but not by way of limitation, the records reflect that, as of February of 2016, the Plaintiff's Decedent had a history of melanoma of the left lower extremity which then was known to the Defendants, having been diagnosed by them in October of 2011.  On February 24, 2016, the Plaintiff's Decedent presented once again to the Defendants, for a new soft tissue mass of the left foot.  The Defendants ordered an ultrasound, which showed a "probable complex cystic collection within the subcutaneous fat."   The radiologist recommended "Further characterization with an MRI would be of benefit."

31.     The Defendants referred the Plaintiff's Decedent to orthopedic surgeon Mikhail Itingen, D.O., whom the Plaintiff's Decedent saw on March 11, 2016, and March 18, 2016.  Dr. Itingen described Plaintiff's Decedent's heel mass as being over the medial aspect of his heel and "non-mobile."   Dr. Itingen noted the "large skin eschar over the distal heel from the previous cancer Moh's type surgery for Melanoma."  He stuck a needle in the mass "but nothing came out." He told the Plaintiff's Decedent to return for "recurrence or worsening."

32.     The Plaintiff's Decedent returned to Dr. Itingen on September 8, 2016, for the left heel mass, at which time Dr. Itingen ordered an MRI.  The MRI was performed on September 13, 2016.  The Plaintiff's Decedent thereafter returned to Dr. Itingen on September 16, 2016.  Based on the concerning results of the MRI, Dr. Itingen planned to do an excisional biopsy of the heel mass.

33.     The excisional biopsy was performed on December 15, 2016, at Hudson Valley Ambulatory Surgery, LLC.  At that time, the excisional biopsy showed malignant melanoma to the surgical margins.

34.     It is claimed that the Defendants failed to take a proper history; failed to perform an appropriate physical exam; failed to refer the Plaintiff's Decedent to a dermatologist for evaluation of the left foot lesion; improperly referred the Plaintiff's Decedent to an orthopedist for evaluation of the left foot lesion; and failed to perform, order, or refer the Plaintiff's Decedent for an immediate biopsy of the left foot lesion.  These were departures from accepted standards of medical and/or podiatric care under the circumstances then and there existing.  Dr. Itingen clearly did not understand the seriousness of the Plaintiff's Decedent's left foot lesion, and clearly did not know what the appropriate diagnostic protocol was under the circumstances.  This lack of understanding on the part of Dr. Itingen was or should have been known by the Defendants, as Dr. Itingen was an orthopedist, and was neither a dermatologist nor a podiatrist, and the Plaintiff's Decedent had presented to the Defendants for what clearly was a dermatological and/or podiatric condition/complaint.

35.     It is also claimed that Dr. Itingen improperly incised the Plaintiff's Decedent's melanoma, thereby causing it to metastasize and spread, because Dr. Itingen, and orthopedist and not a dermatologist, did not understand that the Plaintiff's Decedent's left foot lesion likely was a melanoma, and needed to be treated as such.

36.     Pursuant to standards of medical and/or podiatric care, a biopsy of the left foot lesion needed to be performed immediately under the circumstances, either by the Defendants themselves or by a dermatologist to whom the Defendants might have referred him.

37.     The Defendants' failure to take a proper history and perform an adequate physical exam caused and contributed to the improper referral to Dr. Itingen and the delay in the performance of the biopsy.  Had the Defendants taken a proper history and performed an adequate physical exam, they likely would have realized that an immediately biopsy of the left foot lesion was needed, and likely would have performed, ordered, or referred the Plaintiff's Decedent for one.

38.     Had a biopsy been performed immediately and/or in a timely fashion, either by the Defendants themselves or by a dermatologist to whom the Defendants might have referred him, the Plaintiff's Decedent's recurrent melanoma would have been diagnosed in a more timely fashion, and also would not have been improperly incised by Dr. Itingen, thereby causing it to metastasize and spread.

39.     Thus, as a result of the Defendants' negligence and malpractice, there was a delay in the diagnosis of the Plaintiff's Decedent's recurrent melanoma from February 24, 2016, through December 15, 2016, and there furthermore was an acceleration in its metastasis, as a result of Dr. Itingen's improper incision of it.

40.     Following the diagnosis of the Plaintiff's Decedent's melanoma, he underwent treatment for it.  However, as per the Montefiore-Einstein Cancer Center records of the Decedent's August 23, 2017, office visit, a PET scan performed on August 16, 2017, showed progression of metastatic disease since the prior PET scan of February 14, 2017, and, in particular, new bilateral pulmonary nodules, very likely metastatic disease.  His treating providers, Katia Papalezova, M.D., and Stuart Packer, M.D., concluded, based on the August 16, 2017, that he in fact had lung metastases at that time.

41.     Less than eight months later, on April 15, 2018, the Decedent died, in Mexico, as a

result of cardiopulmonary arrest, at the age of 59. This cardiopulmonary arrest obviously occurred secondary to the Plaintiff's Decedent's metastatic melanoma, and in particular the pulmonary metastases. The Plaintiff's Decedent never recovered from his recurrent melanoma, and the evidence of the Montefiore-Einstein Cancer Center records from August 23, 2017, indicates that the melanoma was progressing, spreading, and metastasizing aggressively in the months leading up to his death.

42.     Certainly, given the evidence, the metastatic melanoma is the apparent and most likely cause of the Plaintiff's Decedent's cardiopulmonary arrest.

43.     Had the Defendants, SUSAN Y. CHAE, DPM, EZRAS CHOILIM HEALTH CENTER, INC., and THE UNITED STATES OF AMERICA, not departed from accepted standards of medical and/or podiatric care, as set forth above, the Plaintiff's Decedent's recurrent melanoma would have been diagnosed in a more timely fashion, and would not have been improperly incised by Dr. Itingen, and would have been more treatable than it was when it in fact diagnosed, and the Plaintiff's Decedent would have had a substantially better outcome.

44.     Had the Defendants, SUSAN Y. CHAE, DPM, EZRAS CHOILIM HEALTH CENTER, INC., and THE UNITED STATES OF AMERICA, not departed from accepted standards of medical and/or podiatric care, as set forth above, the Plaintiff's Decedent's would not have died as a result of his recurrent melanoma on April 15, 2018.

45.     As a result of the foregoing departures from accepted standards of medical and/or podiatric care by SUSAN Y. CHAE, DPM, EZRAS CHOILIM HEALTH CENTER, INC., and THE UNITED STATES OF AMERICA, and/or their physicians, nurses, assigns, physicians aides and/or assistants, agents, servants, and/or employees, the Plaintiff's Decedent suffered the following severe, serious, and permanent personal injuries: conscious physical, emotional, mental,

and psychological pain and suffering; worsening, continued growth, upstaging, and progression of his melanoma; metastases of his melanoma to other parts of his body, including the left knee, left hip, and lungs, and other parts of his body; surgical procedure consisting of left ankle melanoma excision and left posterior knee melanoma wide excision which was dissected off the tibial and peroneal nerves, placement of integra and wound vac, performed at Montefiore Medical Center on February 28, 2017; surgical procedure consisting of reverse anterolateral fasciocutaneous flap to left posterior knee wound and VAC placement, Integra and VAC to medial ankle wound performed by Katie E. Wiechman, M.D., at Montefiore Medical Center on March 9, 2017; surgical procedure consisting of debridement of the left thigh wound, performed by Katie E. Weichman, M.D., at Montefiore Medical Center on April 10, 2017; surgical procedure consisting of gastroc flap and split thickness skin graft on left lower extremity performed by Katie E. Weichman, M.D., at Montefiore Medical Center on April 12, 2017; severe complications of his cancer resulting from its late diagnosis; worsening of his prognosis; side effects from chemotherapy and/or radiation therapy; loss of ability to perform activities of daily living; loss of ability to participate in activities with his family and friends; loss of enjoyment and quality of life; severe physical suffering; severe emotional suffering; fear of impending death; death.

46.     The foregoing occurrence was caused solely and wholly as a result of the negligence and medical malpractice of the Defendants, SUSAN Y. CHAE, DPM, EZRAS CHOILIM HEALTH CENTER, INC., and THE UNITED STATES OF AMERICA, and/or their agents, servants, and/or employees, without any negligence on the part of the Plaintiff or Plaintiff's Decedent contributing thereto.

47.     As a result thereof, the Plaintiff has been damaged in amount which exceeds the jurisdictional limits of all lower courts which otherwise would have jurisdiction.

**WHEREFORE**, Plaintiff demands judgment against the Defendants on the FIRST cause of action in the amount of $100,000,000.00, together with the costs and disbursements of this action.

Dated: Mineola, New York
      October 19, 2021

Yours, etc.,

LAW OFFICES OF JOSEPH M. LICHTENSTEIN

By: T. McKinley Thornton, Esq.
*Attorneys for Plaintiff*
170 Old Country Road, Suite 615
Mineola, New York 11501
Tel: (516) 873-6300
Fax: (516) 873-7986
E-Mail: TMThornton@jml-law.com

12

## <u>ATTORNEY'S CERTIFICATION</u>

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: Mineola, New York
        October 19, 2021

**T. MCKINLEY THORNTON, ESQ.**

## ATTORNEY'S VERIFICATION

T. MCKINLEY THORNTON, ESQ., an attorney duly admitted to practice law before the Courts of the State of New York and the United States District Court for the Southern District of New York, affirms the truth of the following under penalties of perjury: my office is counsel of record for the Plaintiff in the within action, HERNAN CACERES, as Administrator of the Estate of JOSE DANIEL DE JESUS CHAVEZ RAMOS; I have read the foregoing **COMPLAINT**, and know the contents thereof; the same is true to my own knowledge, except as to those matters said to be upon information and belief, and, as to those matters, I believe them to be true.

This verification is submitted by the undersigned because the Plaintiff is not in the county where my firm maintains my office.

Dated: Mineola, New York
      October 19, 2021

**T. MCKINLEY THORNTON, ESQ.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
HERNAN CACERES, as Administrator of the Estate of JOSE
DANIEL DE JESUS CHAVEZ RAMOS,                                                   Case No.

                                                  Plaintiff,              **CERTIFICATE OF MERIT**

                      -against-

THE UNITED STATES OF AMERICA,

                                                  Defendant.
------------------------------------------------------------------------X

          T. MCKINLEY THORNTON, ESQ., the attorney for the Plaintiff in the above action,

declares that a physician licensed to practice medicine in the State of New York, who is

knowledgeable of the relevant issues, was consulted.

          On the basis of this consultation, the attorney has concluded that there is a reasonable

basis for commencement of this action.


Dated: Mineola, New York
          October 19, 2021




                                        _____
                                        **T. MCKINLEY THORNTON, ESQ.**